UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| PAUL D. HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 4:09-CV-088 WL |
| vs. | ) | |
| | ) | |
| JASPER COUNTY SHERIFF, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Paul D. Hopkins, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

In this complaint, Mr. Hopkins sues the Jasper County Sheriff and unknown staff at the jail for a denial of medical treatment. This is not the first time that Mr. Hopkins has presented the claims in this complaint. In *Hopkins v. Sheriff of Jasper County*, 4:09-cv-016 WCL-PRC (N.D. Ind. filed February 27, 2009), he raised these same claims. After screening that case on March 5, 2009, he was granted leave to proceed against the Sheriff of Jasper County (even though he was not personally involved in denying him medical care) solely for the purpose of discovery to identify the unknown defendant(s) who denied Mr. Hopkins medical treatment for his diabetes and high blood pressure during the approximately six months following September 21, 2007. The unknown defendants were dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under FED. R. CIV. P. 15, nor can it

otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). After being permitted more than six months to conduct discovery, Mr. Hopkins filed an amended complaint in that case, but he did not identify any of the unknown defendants. In the order dismissing that case on October 2, 2009, the court explained that:

> if Mr. Hopkins had named a defendant and provided a greater factual background about the medical care he received and how he was denied care for his diabetes and high blood pressure, it is possible that he could still state a claim against some as yet unknown defendant for a denial of medical treatment for his diabetes and high blood pressure during the approximately six months following September 21, 2007. Because he has already had six months to conduct discovery to identify the name or names of such a defendant, there is no basis for keeping this case open on the mere hope that he may one day discover these names. Therefore this claim will be dismissed, but without prejudice so that if he is able to identify such a defendant some other way, he may still file a new lawsuit.

*Hopkins*, 4:09-cv-016 at DE 34.

Now he has filed this lawsuit, containing the same claims – albeit in less detail – and still without having identified any defendant other than the sheriff. As explained in the orders issued in *Hopkins*, 4:09-cv-016, the Jasper County Sheriff is not liable to Mr. Hopkins, either in his individual or official capacities. Therefore this complaint no more states a claim than did the amended complaint that was previously dismissed. The court clearly explained that Mr. Hopkins' prior case was dismissed without prejudice so that if he was able to name the jail staff whom he alleges denied him medical care, he could file a new complaint with a greater factual explanation. It was not dismissed so that he could re-file against unknown persons with a sketchier factual description. In light of the rulings in Mr. Hopkins' prior case, this complaint is frivolous and malicious.

For the foregoing reasons, this case is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A because it is frivolous and malicious.

SO ORDERED.

ENTERED: January 4, 2010

 s/William C. Lee  
William C. Lee, Judge  
United States District Court